Case 1:89-cr-00118-HFG   Document 44   Filed 09/14/92   Page 1 of 4

AO 245 S (Rev. 4/92)(W.D.Tx. rev.) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Western District of Texas
### Austin Division

FILED
SEP 14 1992
U. S. DISTRICT COURT
CLERK'S OFFICE
_____ DEPUTY

UNITED STATES OF AMERICA

v.                                              Case Number A-89-CR-118 (1)

RAYMOND EUGENE HAWKINS

Defendant.

## AMENDED JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, RAYMOND EUGENE HAWKINS, was represented by Mr. David M. Richards and Mr. Jose Martin.

The defendant pled guilty to the one-count indictment on October 12, 1989. Accordingly, the defendant is adjudged guilty of such count, involving the following offense:

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 21 USC 841(a)(1) | Possession with Intent to Distribute Marihuana | | One (1) |

On October 17, 1991, the Fifth Circuit Court of Appeals vacated the original sentence imposed on March 8, 1990 and remanded this case for resentencing.

As pronounced on September 8, 1992, the defendant is RE-SENTENCED as provided in pages 2 through 4 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $ 50.00, for count one of the indictment, which shall be due immediately. Said special assessment shall be made to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the 11th day of September, 1992.

H. F. GARCIA
United States District Judge

Defendant's SSAN: 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
Defendant's Date of Birth: 04/17/43
Defendant's address: 5100 Burchette Road, #1606; Tampa, Florida

AO 245 S (Rev. 4/92)(W.D.Tx. Rev.) Sheet 2 - Imprisonment

Judgment--Page 2 of 4

Defendant: RAYMOND EUGENE HAWKINS
Case Number: A-89-CR-118 (1)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of twenty-four (24) months.

The defendant shall remain in custody pending remainder of the sentence.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Case 1:89-cr-00118-HFG   Document 44   Filed 09/14/92   Page 3 of 4

AO 245 S (Rev. 4/92)(W.D.TX. rev.) Sheet 3 - Supervised Release

Judgment--Page 3 of 4

Defendant: RAYMOND EUGENE HAWKINS
Case Number: A-89-CR-118 (1)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of two (2) years.

While on supervised release, the defendant shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

__X__   The defendant shall participate in a substance abuse counselling and/or treatment program for drug abuse at the direction of the U. S. Probation Officer, which may include testing and examination to determine if the defendant has reverted to the use of drugs.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.
2) The defendant shall not illegally possess a controlled substance. Revocation of probation and supervised release is mandatory for possession of a controlled substance.
3) If convicted of a felony offense, the defendant shall not possess a firearm or destructive device. Probation must be revoked for possession of a firearm.
4) The defendant shall not leave the judicial district without the permission of the court or probation officer.
5) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
6) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
7) The defendant shall support his or her dependents and meet other family responsibilities.
8) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
9) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.
10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
13) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
14) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
15) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
16) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 4/91)(W.D.Tx. rev.) Sheet 7 - Statement of Reasons

Judgment--Page 4 of 4

Defendant: RAYMOND EUGENE HAWKINS
Case Number: A-89-CR-118 (1)

## STATEMENT OF REASONS

The court adopts the factual findings and guideline application in the presentence report except the Court finds that the defendant did accept responsibility for his criminal conduct, resulting in a reduction of the offense level from 22 to 20.

Guideline Range Determined by the Court:
Total Offense Level:                20
Criminal History Category:          I
Imprisonment Range:                 33 months to 41 months
Supervised Release Range:           2 to 3 years
Fine Range:                         $ 7,500. to $ 75,000.
Restitution:                        $ -0-

The fine is waived or is below the guideline range because of the defendant's inability to pay.

The sentence is departs from the guideline range upon motion of the government, as a result of defendant's substantial assistance.